# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **JESSICA SCOTT,** | ) | |
| | ) | **SECOND AMENDED** |
| **Plaintiff,** | ) | **COMPLAINT** |
| | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION NO: 1:15-cv-** |
| **GOODHIRE, LLC, CORELOGIC** | ) | **03660-LMM-LTW** |
| **NATIONAL BACKGROUND** | ) | |
| **DATA LLC, and DLC AUDIT TAX** | ) | |
| **AND ADVISORY LLC,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## SECOND AMENDED COMPLAINT

PLAINTIFF JESSICA SCOTT files this Second Amended Complaint and states as follows:

1.   Ms. Scott brings this action against Defendants GoodHire, LLC ("GoodHire"), CoreLogic National Background Data, LLC ("NBD"), and DLC Audit Tax and Advisory LLC ("DLC") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2.   Congress passed the FCRA to protect consumers from the harm caused by inaccurate reporting.  To this end, the FCRA requires that all consumer reporting agencies (CRAs) that report criminal background information to employers use "reasonable procedures to ensure maximum

possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

3.     The FCRA provides special protections when a CRA furnishes "items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment." 15 U.S.C. § 1681k. In these situations, CRAs must either: (1) notify the consumer of the release of the public record information at the time the information is furnished to the user; or (2) establish strict procedures to maintain complete and up-to-date public record information.

4.     Defendants GoodHire and NBD violated Sections 1681e(b) and 1681k of the FCRA when they published inaccurate public record information about Ms. Scott in an employment background report. As a result of GoodHire's and NBD's inclusion of this inaccurate information in a consumer report, Ms. Scott lost a job and suffered emotional distress.

5.     Congress also created heightened standards regulating how employers obtain and use information in consumer reports to conduct checks on prospective employees. 15 U.S.C. § 1681b(b)(3). The FCRA requires employers to provide notices to applicants and employees before taking an adverse employment action whenever that action is based, even just in part, on a consumer report. *Id.*

6.     DLC violated the FCRA by taking an adverse employment action against Ms. Scott based on undisclosed consumer report information, without first providing Ms. Scott the pre-adverse action notice required by the FCRA.

## JURISDICTION AND VENUE

7.     This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

8.     Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendants regularly conduct business in this district and division and a substantial part of the events giving rise to the claims occurred in this district and division.

9.     GoodHire has contracted to supply services or things in Georgia.  It sells consumer reports in Georgia and produces consumer reports on Georgia residents.   GoodHire also gathers and maintains substantial public records data from Georgia.

10.    NBD has contracted to supply services or things in Georgia.  It sells consumer reports in Georgia and produces consumer reports on Georgia residents.   NBD also gathers and maintains substantial public records data from Georgia.

11.    DLC is a Georgia corporation that regularly contracts goods and services in Georgia, and regularly solicits and does business in Georgia.

## PARTIES

12.     Ms. Scott is a resident of Georgia.  She also is a natural person and a "consumer" as protected and governed by the FCRA, 15 U.S.C. § 1681a(c).

13.    GoodHire is a Nevada corporation that conducts business throughout the United States.

14.    GoodHire is a reseller of consumer reports as defined by 15 U.S.C. § 1681a(u).  It receives background information directly from other CRAs, including NBD, and assembles and merges that information into reports that it sells to third parties, such as DLC.

15.    At all relevant times hereto, GoodHire was a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

16.    NBD is a Delaware corporation that conducts business throughout the United States.

17.    NBD operates a unified consumer reporting agency that compiles and maintains files on consumers on a nationwide basis.  NBD maintains an extensive database of public records regarding consumers.  It then sells consumer reports generated from the database and furnishes these

consumer reports to other reseller consumer reporting agencies that rebrand them and sell them to end-users.

18.    At all relevant times hereto, NBD was a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

19.    DLC is a Georgia corporation with its principal office located at 10475 Medlock Bridge Rd., Suite 522, Johns Creek, Georgia 30097.

20.    DLC made an offer of employment to Plaintiff and ordered the consumer report at issue on Plaintiff in this action.  Accordingly, it was a "user" of Ms. Scott's consumer report as that term is used in the FCRA.

## FACTUAL ALLEGATIONS

21.    In September 2015, Ms. Scott interviewed for a position with DLC.

22.    On September 28, 2015, Anthony DeLuca, DLC's Managing Partner, emailed Plaintiff and made an offer of full time, permanent employment to her.   The written offer detailed Plaintiff's annual compensation, CPA exam bonus, performance bonus, vacation, health insurance, retirement benefits, and other benefits.  At the end of the email, Mr. DeLuca stated, "Please email me with any questions and comments.  Once you agree, I will send you a formal offer letter."

23.    Later that same day, Ms. Scott emailed Mr. DeLuca and stated, "The offer that you outlined below sounds great.  I'll be looking forward to receiving the offer letter, and plan to formally accept the position."

24.    On September 29, 2015, Mr. DeLuca emailed Plaintiff an offer letter.  The offer letter stated, "This offer is contingent upon a favorable background investigation subject to the sole discretion of DLC."   Mr. DeLuca closed the September 29, 2015 email by stating, "The start date is flexible and we can discuss over the phone. Congrats!"

25.    The September 29, 2015 email also contained a "Background Research Release."  Plaintiff completed the Background Research Release and returned it to DLC.

26.    On October 1, 2015, Ms. Scott received an email from GoodHire seeking her consent for DLC to procure a consumer report.  Ms. Scott completed the information requested by GoodHire and submitted her consent.

27.    Upon information and belief, after Ms. Scott submitted her consent, GoodHire then ordered a consumer report from NBD about Ms. Scott.

28.    The consumer report that NBD furnished to GoodHire was used or expected to be used or collected for the purpose of evaluating a consumer for employment purposes.

29.    The consumer report that NBD furnished to GoodHire was created through NBD's "Criminal Offenders Profile Summary" ("COPS") database search.

30.    Because NBD's COPS search generates consumer reports instantly from its own internal database at the time of a request, there is no opportunity for NBD to conduct an individualized search and verify from current public records that the information reported is accurate, complete, and up to date before the report is furnished to a reseller, such as GoodHire.

31.    The consumer report that NBD furnished to GoodHire contained public record information likely to have an adverse effect on Ms. Scott's ability to obtain employment.

32.    NBD did not provide Ms. Scott with notice of the fact that it was reporting adverse public record information about her at the time it furnished the information to GoodHire.

33.    After receiving the consumer report from NBD, GoodHire assembled and merged the information received from NBD into a consumer report with GoodHire's own format, headings, and additional information.

34.     GoodHire then sold a consumer report pertaining to Ms. Scott to DLC.

35.     GoodHire took no steps whatsoever to check the accuracy or completeness of the information in the consumer report it received from NBD before it furnished the consumer report to DLC.

36.     On October 2, 2015, Ms. Scott spoke on the phone with Mr. DeLuca about the job.  Mr. DeLuca told Ms. Scott that he was looking at a background report and it showed that Ms. Scott had a felony conviction. Ms. Scott told Mr. DeLuca that the charge had been dismissed under the First Offender's Act and it should not even be listed on the background report.  Mr. DeLuca told Ms. Scott that he could not move forward with the job because several of his clients were in the defense industry and he was worried that DLC would be in trouble if those clients found out about Ms. Scott's background.

37.     GoodHire did not provide Ms. Scott with notice of the fact that it was reporting adverse public record information about her at the time it furnished the information to DLC.

38.     On October 7, 2015, Ms. Scott received an email from GoodHire.  The email stated that there was "an alert on [Ms. Scott's] background report," "DLC AUDIT TAX & ADVISORY LLC is working

with GoodHire to assemble your background report. The information in the report could be used to make a decision about your employment status with DLC AUDIT TAX & ADVISORY LLC," and it allowed Ms. Scott to view a copy of her consumer report.  Of course, by October 7, 2015, DLC had already made its decision to not move forward with hiring Ms. Scott because of the information contained in her consumer report.

39.    The October 7, 2015 consumer report stated that Ms. Scott had a "Felony" conviction for "Poss of Cocaine" with a disposition date of "10/1/2008" in Dekalb County, Georgia.

40.    The consumer report was inaccurate and incomplete.  Ms. Scott does not have a "Felony" conviction for "Poss of Cocaine" with a disposition date of "10/1/2008" in Dekalb County, Georgia.

41.    Instead, on or about October 28, 2008, Ms. Scott was sentenced under Georgia's First Offender Act.

42.    On May 11, 2012, Ms. Scott completed the terms of her first offender sentence and the court entered an Order of Discharge, which states:

> WHEREFORE IT IS ORDERED AND DIRECTED that in accordance with the provisions of the Probation of the First Offender Act (OCGA 42-8-60, et seq.):
>
> A. The defendant be charged **without court adjudication of guilt.**

B. That this discharge shall completely exonerate the defendant of any criminal purpose.

C. That this discharge shall not affect any of said defendant's civil rights or liberties; and

D. The defendant **shall not be considered to have a criminal conviction**.

E. This discharge may not be used to disqualify a person in any application for employment or appointment to office in either the public or private sector.

(Ex. A.) (emphasis added).

43.    These records clearly state that Ms. Scott was not convicted of a felony, as GoodHire stated in its consumer report.  In fact, the records make clear that Ms. Scott "shall not be considered to have a criminal conviction" at all.

44.    On or about October 9, 2015, Ms. Scott initiated a written dispute with GoodHire.

45.    On October 12, 2015, in response to Ms. Scott's dispute, GoodHire ordered a check of the county court records.

46.    On October 12, 2015, GoodHire also sent a fax to NBD stating that:

> A COPS report was run on the consumer below on **10/02/2015**.  The consumer is disputing the information on the report and would like a reinvestigation.  Please fax confirmation of your reinvestigation to 650-362-1933 so that we can

> update our files as well as inform the consumer
> of your findings.

47.     On October 13, 2015, GoodHire's FCRA Compliance Analyst & Attorney, Izzy McLean, reviewed Ms. Scott's dispute and determined that the inaccurate information should be removed from her consumer report.

48.     As a result of Ms. McLean's determination that the information should be removed, GoodHire cancelled the county record check.

49.     Upon information and belief, GoodHire determined that the inaccurate information in the consumer report was a result of an act or omission by NBD.

50.     On October 13, 2015, GoodHire sent an email to Ms. Scott that contained the results of its reinvestigation.  The email stated:

> Anthony asked GoodHire to run a report on you. At your request, attached is a copy of your report. Please click on the link below. You will need to log in using the name and email address that DLC AUDIT TAX & ADVISORY LLC used to run your report.

51.     The October 13, 2015 email also contained a link for Ms. Scott to view the revised consumer report containing the results of the reinvestigation.

52.     In the revised consumer report, GoodHire removed the information concerning the "Felony" conviction for "Poss of Cocaine" with

a disposition date of "10/1/2008" in Dekalb County, Georgia.  Instead, the revised report contained a listing for Dekalb County, Georgia, but correctly omitted any criminal record whatsoever for Ms. Scott.

53.    After receiving the revised consumer report, Ms. Scott sent an email to DLC on October 13, 2015.  In the email, she stated, "I think you've seen that GoodHire removed the criminal record information from my background report and my background report is now clean.  Are we moving forward with the job?"

54.    On October 14, 2015, Mr. DeLuca responded that the full time, permanent position was no longer available because DLC hired a different candidate during the time that it took Ms. Scott to dispute and correct her background report.

55.    Had DLC complied with the FCRA's pre-adverse action requirements, Ms. Scott would have had an opportunity to dispute and correct her consumer report **before** DLC made the decision not to hire her for a full time, permanent position, and she would have retained the job at DLC.

## FIRST CLAIM FOR RELIEF

## (15 U.S.C. § 1681e(b))

## (GoodHire)

56.    Plaintiff realleges Paragraph Nos. 1-55 as if fully set forth herein.

57.    GoodHire violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report furnished regarding Plaintiff.

58.    GoodHire knew or should have known about its obligations under the FCRA.   These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

59.    GoodHire obtained or had available substantial written materials that apprised it of its duties under the FCRA.

60.    Despite knowing of these legal obligations, GoodHire acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

61.    GoodHire's violation of the FCRA was willful, rendering GoodHire liable pursuant to 15 U.S.C. § 1681n.   In the alternative, GoodHire was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

62.    As a result of this conduct by GoodHire, Plaintiff suffered actual damages including without limitation, by example only and as

described herein on her behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

## SECOND CLAIM FOR RELIEF

### (15 U.S.C. § 1681k)

### (GoodHire)

63.     Plaintiff realleges Paragraph Nos. 1-55 as if fully set forth herein.

64.     Section 1681k of the FCRA requires that when a consumer reporting agency supplies public record information to a user for employment purposes, and such information is likely to have an adverse effect on employment, the CRA must:

> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or

> (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

65.     GoodHire violated 15 U.S.C. § 1681k by failing to notify Plaintiff that it was reporting public record information about her at the time it furnished such information to DLC, and failing to maintain strict

procedures to ensure that the public record information it was reporting was complete and up to date.

66.    GoodHire knew or should have known about its obligations under the FCRA.   These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

67.    GoodHire obtained or had available substantial written materials that apprised it of its duties under the FCRA.

68.    Despite knowing of these legal obligations, GoodHire acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

69.    GoodHire's violation of 15 U.S.C. § 1681k was willful, rendering GoodHire liable pursuant to 15 U.S.C. § 1681n.  In the alternative, GoodHire was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

70.    As a result of this conduct by GoodHire, Plaintiff suffered actual damages including without limitation, by example only and as described herein on her behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

## THIRD CLAIM FOR RELIEF

### (15 U.S.C. § 1681e(b))

### (NBD)

71.     Plaintiff realleges Paragraph Nos. 1-55 as if fully set forth herein.

72.     NBD violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report furnished regarding Plaintiff.

73.     NBD knew or should have known about its obligations under the FCRA.  These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

74.     NBD obtained or had available substantial written materials that apprised it of its duties under the FCRA.

75.     Despite knowing of these legal obligations, NBD acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

76.     NBD's violation of the FCRA was willful, rendering NBD liable pursuant to 15 U.S.C. § 1681n.  In the alternative, NBD was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

77.   As a result of this conduct by NBD, Plaintiff suffered actual damages including without limitation, by example only and as described herein on her behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

### FOURTH CLAIM FOR RELIEF

### (15 U.S.C. § 1681k)

### (NBD)

78.   Plaintiff realleges Paragraph Nos. 1-55 as if fully set forth herein.

79.   Section 1681k of the FCRA requires that when a consumer reporting agency supplies public record information to a user for employment purposes, and such information is likely to have an adverse effect on employment, the CRA must:

> (1)  at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or

> (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

80.   NBD violated 15 U.S.C. § 1681k by failing to notify Plaintiff that it was reporting public record information about her at the time it

furnished such information to GoodHire, and failing to maintain strict procedures to ensure that the public record information it was reporting was complete and up to date.

81.    NBD knew or should have known about its obligations under the FCRA.  These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

82.    NBD obtained or had available substantial written materials that apprised it of its duties under the FCRA.

83.    Despite knowing of these legal obligations, NBD acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

84.    NBD's violation of 15 U.S.C. § 1681k was willful, rendering NBD liable pursuant to 15 U.S.C. § 1681n.  In the alternative, NBD was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

85.    As a result of this conduct by NBD, Plaintiff suffered actual damages including without limitation, by example only and as described herein on her behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

## FIFTH CLAIM FOR RELIEF

## (15 U.S.C. § 1681b(b)(3))

## (DLC)

86.     Plaintiff realleges Paragraph Nos. 1-55 as if fully set forth herein.

87.     DLC used a consumer report to take an adverse employment action against Plaintiff.

88.     DLC violated Section 1681b(b)(3)(A) of the FCRA by failing to provide Plaintiff with a copy of the consumer report and a description of her rights under the FCRA before taking an adverse employment action against her that was based, even in part, on the consumer report.

89.     DLC knew or should have known about its obligations under the FCRA.  These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

90.     DLC obtained or had available substantial written materials that apprised it of its duties under the FCRA, including in the instructions provided to users by GoodHire.

91.    Despite knowing of these legal obligations, DLC acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

92.    DLC's violation of 15 U.S.C. § 1681e(a) was willful, rendering it liable pursuant to 15 U.S.C. § 1681n.   In the alternative, DLC was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

93.    As a result of this conduct by DLC, Plaintiff suffered actual damages including without limitation, by example only and as described herein on her behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.    Declaring that Defendants acted willfully in deliberate or reckless disregard of Plaintiff's rights and their obligations under the FCRA;

b.    Entering judgment for Plaintiff against Defendants for actual and/or statutory damages, punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

    c.       Such other and further relief against Defendants as may be just and proper, including but not limited to any equitable relief that may be permitted.

## **DEMAND FOR JURY TRIAL**

**PLAINTIFF hereby demands a jury trial on all claims for which she has a right to a jury.**

DATED: February 29, 2016

By: /s/ Andrew L. Weiner
    Andrew L. Weiner
    Georgia Bar No. 808278
    Jeffrey B. Sand
    Georgia Bar No. 181568
    THE WEINER LAW FIRM LLC
    3525 Piedmont Road
    7 Piedmont Center, 3rd Floor
    Atlanta, Georgia 30305
    (404) 205-5029 (Tel.)
    (404) 254-0842 (Tel.)
    (866) 800-1482 (Fax)
    aw@atlantaemployeelawyer.com
    js@atlantaemployeelawyer.com

    COUNSEL FOR PLAINTIFF